***********
The Full Commission reviewed the prior Decision and Order, based upon the record of the proceedings before the Deputy Commissioner and assignments of error before the Full Commission. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the decision. Accordingly, the Full Commission affirms the Decision and Order of the Deputy Commissioner with minor modifications.
 ***********
Based upon all the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following: *Page 2 
 FINDINGS OF FACT
1. On or about May 14, 2004 plaintiff slipped and fell while in the shower and began to experience pain in his lower back. On May 17, 2004 plaintiff continued to have pain in his lower back and a medical emergency was declared. Plaintiff filed a Tort Claim Affidavit alleging medical negligence on the part of defendant regarding his treatment following the fall.
2. NCDOC moved to dismiss Plaintiff's claim for failure to comply with Rule 9(j) of the North Carolina Rules of Civil Procedure. A hearing on defendant's motion to dismiss was held before Deputy Commissioner Rideout on December 13, 2005.
3. Plaintiff did not provide an affidavit from a doctor or medical expert pursuant to Rule 9(j) of the North Carolina Rules of Civil Procedure with his Tort Claim Affidavit. However, during the hearing before the Deputy Commissioner, plaintiff requested an opportunity to produce an affidavit in compliance with Rule 9(j)
4. On January 4, 2006, Deputy Commissioner Rideout filed an Interlocutory Decision and Order stating that plaintiff shall have one hundred and twenty days up to and including May 5, 2006, to comply with Rule 9(j) of the North Carolina Rules of Civil Procedure by securing an affidavit from a medical expert who has reviewed plaintiff's claim and is willing to testify that the treatment in the alleged circumstances fell below the applicable standard of care. The Interlocutory Decision and Order provided that should plaintiff fail to provide such letter or affidavit from a doctor or medical expert within the time permitted, plaintiff's civil action would be dismissed.
5. More than one hundred twenty days has passed and plaintiff has not provided an affidavit.
 *********** *Page 3 
Based upon the foregoing findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. Under the provisions of the Tort Claims Act, negligence is determined by the same rules applicable to private parties. Bolkhir v.N.C. State University, 321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988).
2. Pursuant to Rule 9(j) of the North Carolina Rules of Civil Procedure "[a]ny complaint alleging medical malpractice by a health care provider as defined in N.C. Gen. Stat. § 90-21.11 in failing to comply with the applicable standard of care under N.C. Gen. Stat. § 90-21.12
shall be dismissed unless:
 (1) The pleading specifically asserts that the medical care has been reviewed by a person who is reasonably expected to qualify as an expert witness under Rule 702 of the Rules of Evidence and who is willing to testify that the medical care did not comply with the applicable standard of care;
 (2) The pleading specifically asserts that the medical care has been reviewed by a person that the complainant will seek to have qualified as an expert witness by motion under Rule 702(e) of the Rules of Evidence and who is willing to testify that the medical care did not comply with the applicable standard of care, and the motion is filed with the complaint; or
 (3) The pleading alleges facts establishing negligence under the existing common-law doctrine of res ipsa loquitur."
3. Plaintiff has not provided an affidavit as required by Rule 9(j) of the North Carolina Rules of Civil Procedure within the time permitted by the Interlocutory Decision and Order filed on January 4, 2006, and the claim for medical negligence does not meet any of the exceptions for an affidavit.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission *Page 4 
enters the following:
 ORDER
1. Plaintiff's claim is hereby DISMISSED WITH PREJUDICE.
2. No costs are taxed as plaintiff was permitted to file this civil action in forma pauperis.
This the 20th day of May, 2008.
S/___________________ DANNY LEE McDONALD COMMISSIONER
CONCURRING:
 S/___________________ BUCK LATTIMORE COMMISSIONER
 S/___________________ DIANNE C. SELLERS COMMISSIONER *Page 1